UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LATOYA MARIE JOPLIN,

       Petitioner,

                                        CASE NO. 2:09-CV-12292
v.                                        HONORABLE GERALD E. ROSEN

MILLICENT WARREN,

       Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY AND LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

**I.**    **Introduction**

This is a habeas case under 28 U.S.C. § 2254. LaToya Marie Joplin ("Petitioner"), a Michigan prisoner currently confined at the Huron Valley Women's Complex in Ypsilanti, Michigan, asserts that she is being held in violation of her constitutional rights. Petitioner was convicted of felony murder, Mich. Comp. L. § 750.316(1)(b), arising from the beating death of her three-year-old daughter, following a jury trial in the Washtenaw County Circuit Court. She was sentenced to life imprisonment without the possibility of parole in 2007. In her pleadings, she raises claims concerning the trial court's limitation on the cross-examination of a key prosecution witness and the admission of prior injuries to the victim. For the reasons set forth herein, the Court dismisses without prejudice the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and leave to proceed in forma pauperis on appeal.

**II.**    **Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). A Michigan prisoner must raise each issue she seeks to present in a federal habeas proceeding to the state courts. Each issue must be presented to both the Michigan Court of Appeals and the Michigan Supreme Court to satisfy the exhaustion requirement. *See Welch v. Burke*, 49 F. Supp. 2d 992, 998 (E.D. Mich. 1999); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner has not met her burden of demonstrating exhaustion of state court remedies. Petitioner admits that she did not present her habeas claims to the Michigan Supreme Court because her application for leave to appeal to that court was untimely. The exhibits attached to the petition reveal that Petitioner filed an appeal as of right containing her habeas claims with the Michigan Court of Appeals, which affirmed her convictions. *See People v. Joplin*, No. 279069 (Mich. Ct. App. Dec. 18, 2008) (unpublished). Petitioner then attempted to file an application for leave to appeal with the Michigan Supreme Court, but her application was deemed untimely and rejected. *See* Letter from the Michigan Supreme Court dated February 13, 2009. Petitioner has thus failed to fully exhaust her claims in the Michigan courts.

Although the time for completing a direct appeal of her conviction has passed, Petitioner still has available remedies in the Michigan courts which must be exhausted before proceeding in federal court. For example, she may file a motion for relief from judgment pursuant to Michigan Court Rule 6.500 with the state trial court and then pursue her claims through the state appellate courts as

necessary. Federal habeas law provides that a habeas petitioner is only entitled to relief if she can show that the state court adjudication of her claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). If this Court were to review the claims presented, such an action would deny the state courts the deference to which they are entitled. The state courts must first be given a fair opportunity to rule upon Petitioner's claims. Otherwise, the Court is unable to apply the standard found at 28 U.S.C. § 2254.

### III. Conclusion

For the reasons stated, the Court concludes that Petitioner has not fully exhausted her state court remedies. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of Petitioner's claims.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court **DENIES** a certificate

of appealability. The Court further **DENIES** Petitioner leave to proceed in forma pauperis on appeal as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

    **IT IS SO ORDERED**.


    s/Gerald E. Rosen
    Chief Judge, United States District Court

Dated: June 19, 2009




## CERTIFICATE OF SERVICE

I hereby certify that on    June 19, 2009   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
 Latoya Joplin, #645736, Huron Valley Complex-Women's, 3511 Bemis Road, Ypsilanti, MI 48197

    s/Ruth A. Brissaud
    Ruth A. Brissaud, Case Manager
    (313) 234-5137